Judge Ewing
delivered the Opinion of the Court.
The facts of this case are not such as bring it within the operation of any of the statutes authorizing a division by the County Court; and if it falls within the operation of any, it must be the statute of 1797; and if that be the statute relied on, it has not been pursued. It is not shown that a demand and refusal to make division had been made. Nor has any deed of partition been executed, and returned and recorded in the county; nor, indeed, does it appear, that those persons who made the division were appointed by the order of the County Court, or were duly authorized to make the division. But if the division had been regularly made, but was unequal, a court of equity has the power to overhaul it.
And, in a case like the present, when Mrs. Shane, as cestui que use, is invested with a mere equity, she may surely resort to a court of equity for redress, upon a charge of fraud, combination, or a wanton neglect of her interest, on the part of her trustee, and might make such appeal either after a pretended division was made, or while steps were in progress to effect it.
We are also clear, that the survey laid off, under the direction of Shane, should not be disturbed by Guyton or his vendee.
The trustee, in his answer, intimated his willingness that another should be appointed in his place, if the cestui que use desired it; which was done by the court: as it does not appear that she was dissatisfied with that proceeding, it is here sanctioned.
The trustee resisted the prayer of the compl’ts’ bill, and the establishment of the husband’s division of the land, which was for the interest of the cestui que use', he is therefore Hablo for costs.
The trustee, with the concurrence of the cestui que use, had the election, by the terms of the. deed, to lay off the fifty acres on any end, side or corner of the two hundred acre tract, and running it so as to embrace the improvement, from the end, side or corner elected to bind on. And embracing these two objects, the one to be chosen by the trustee and cestui que trust, the other designated in the deed; in other respects, the figure of the survey should be so made, when thus run, as to affect the form and figure of the residue of the tract as little as may be. The survey has been made by the husband of the cestui que use, in the presence of the trustee, without objection on his part, in a form, and running from the side of the survey, which is most advantageous to the cestui que trust — and which would, therefore, have been selected by any faithful trustee — and extending it out, so as to embrace nearly .all of the improvement. And if extended so as to embrace all, it might be still more disadvantageous to the owner of the residue of the tract; as it would come still nearer severing it into two parts. This survey is sanctioned by the cestui que trust, and she is seeking to confirm it; was acquiesced in by William Ditto, the donor, or at least recognized and impliedly approved by him, at the time of the sale, and was known to Guyton to have been laid off, and how, and in what shape, it had been laid off, at the time of his purchase of the residue; and no objection made to the purchase on that account. Under all these circumstances, we cannot doubt but that the survey, thus made, should be protected.
We are equally clear, that it was competent for the Court, when the trustee refused to join in the prosecution of the suit, and resisted the equity set up by his cestui que trust, to strike his name from the bill as com *500 plainant, or allow it to be amended, alleging the facts which went to show the propriety of changing his attitude as a party.
And we are also clear, that as there are some facts in the case, evidencing the want of due regard to the interest of his cestui que trust, and as he expressed, in his answer, a willingness to be removed, as trustee, that the Court did not err in appointing another, and in directing the property to be conveyed to him. Mrs. Shane has made no objection to the individual appointed, and the defendants below cannot raise any objections in this Court for her. .
The resistance which the trustee made to the confirmation of the survey set up by the complainants, subjects him, as well as the other defendants, to the payment of costs.
Guyton’s answer states, that Mrs. Shane had children, but how many, or what are their names, is not alleged: nor is there any proof in the cause, that she had any. A state of case has not, therefore, been made out to justify a reversal for want of proper parties, if it were admitted that Mrs. Shane did not take a fee simple in the use.
The decree of the Circuit Court is therefore affirmed, with costs.